UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re
Robert J. Grunert and
Veronica K. Grunert,
      Debtors.

Case No. 06-23625-svk
Chapter 13

**Memorandum Decision on
MBNA's Objection to Confirmation**

      In *In re Guzman,* 345 B.R. 640 (2006), this Court reviewed the history of the Chapter 13 disposable income requirement and the changes wrought by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) for debtors whose income exceeds the State median. *Guzman* held that, pursuant to § 1325(b)(3), the above-median debtor's expense deductions to arrive at disposable income must be derived from Form B22C (the means test form) not Schedule J (the schedule of current expenses). There was no dispute or challenge in *Guzman* as to the actual expenses listed on the Form B22C; that was left for another day. Today is that day.

      This case explores whether above-median debtors who own their vehicles "free and clear" are nevertheless entitled to deduct an ownership expense for purposes of calculating their disposable income necessary to fund their chapter 13 plan. Although the debtors and an unsecured creditor disagree on this issue of law, there is no dispute about the facts.

      Robert and Veronica Grunert (the "Debtors") own two vehicles: a 1999 Chrysler minivan and a 2001 Dodge. There are no liens or lease obligations on these vehicles; in bankruptcy parlance, they are owned "free and clear." According to their Form B22C "Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income," ("Form B22C") the Debtors' combined current monthly income totals $5,365. Annualizing their current monthly income from Form B22C totals $64,380, which exceeds Wisconsin's median family income of $49,918 for a family of two. Accordingly, the Debtors are above-median debtors and must complete the expense portion of Form B22C to determine the disposable income that must be paid into their plan. On Lines 28 and 29 of that Form, the Debtors deducted $471 and $332, respectively, for the Local Standards: transportation ownership/lease expense for their vehicles. After completing the rest of the Form B22C, the Debtors' monthly disposable income is $400, and that is the amount they have dedicated to creditors under their Chapter 13 plan.

      MBNA America (MBNA) is an unsecured creditor owed over $34,000. MBNA filed an objection to confirmation of the Debtors' plan contending that the Debtors are not allowed to take an ownership/lease expense deduction on any vehicle that is owned free and clear. MBNA points to the Internal Revenue Manual (IRM), which allows a taxpayer to deduct the Local Standard or the amount actually paid, whichever is less. MBNA has cited several recent decisions in support of this argument. The Debtors have responded, urging the Court to apply

the "plain meaning" of the statute, and contending that the Local Standard deductions for ownership of vehicles serve as "fixed allowances" rather than caps on actual expenses. The Debtors' position has also found favor with some bankruptcy courts.

Starting with the statute itself, under § 1325(b)(3), for above-median debtors, the expenses to be deducted in calculating disposable income shall be determined under Bankruptcy Code § 707(b)(2)(A) and (B). According to § 707(b)(2)(A)(ii)(I):

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent.

The issue boils down to the meaning of the phrase "applicable . . . amounts specified under the Local Standards." One argument is that "applicable" means applicable to a particular debtor who owns a vehicle subject to a lien. On the other side are those who argue that "applicable" means the region where the debtor lives or the number of vehicles owned by the debtor (the standards allow deductions for up to two). The bankruptcy courts that have analyzed this issue are split. The courts holding that the debtor must have a car payment in order to claim the ownership deduction include *In re Hardacre*, 338 B.R. 718 (Bankr. N.D. Tex. 2006) (Local Standard deductions only apply to leased or financed vehicle); *In re Barraza*, 346 B.R. 724 (Bankr. N.D. Tex. 2006) (same); *In re McGuire*, 342 B.R. 608 (Bankr. W.D. Mo. 2006) (debtor without payment can show no "applicable monthly expense"); *In re Carlin*, 348 B.R. 795 (Bankr. D. Or. 2006) (same); *In re Wiggs*, 2006 Bankr. LEXIS 1547 (Bankr. N.D. Ill. Aug. 4, 2006) (same); and *In re Harris*, 2006 Bankr. LEXIS 3035 (Bankr. E.D. Okl. Oct. 13, 2006) (same). Other courts disagree, including *In re Fowler*, 349 B.R. 414 (Bankr. D. Del. 2006) (statutory distinction between "applicable" and "actual" and legislative history supports allowance of deduction); *In re Haley*, 2006 Bankr. LEXIS 2857 (Bankr. D.N.H. Oct. 18, 2006) (same); and *In re Hartwick*, 2006 Bankr. LEXIS 2755 (Bankr. D. Minn. Oct. 13, 2006) (applicable expense amounts under the Local Standards are the higher, not the lower, of the actual and Standard amounts).

In *In re Farrar-Johnson*, the bankruptcy court was faced with a similar argument concerning the chapter 13 debtors' deduction of the Local Standards housing and utilities mortgage/rent expense. 2006 Bankr. LEXIS 2214 (Bankr. N.D. Ill. Sept. 15, 2006). The debtors in that case lived in military housing at the Great Lakes Naval Base, and did not incur mortgage or rent expenses. The chapter 13 trustee made the same argument as MBNA makes here: the debtors should not be allowed to deduct a secured debt expense under the Local Standards unless they actually have such an expense. The bankruptcy court examined the language of the statute, and the definition of the words "applicable amounts," finding that the trustee's interpretation depends upon taking the language out of context.

2

> Statutory terms, though, are never read in isolation; they are read in the context in which they appear. *Gaffney v. Riverboat Servs. of Indiana, Inc.,* 451 F.3d 424, 445 (7th Cir. 2006). Section 707(b)(2)(A)(ii)(I) defines monthly expenses not only as a debtor's "applicable monthly expense amounts" under the "National and Local Standards" but also as the debtor's "actual monthly expenses" for the categories the IRS specifies as "Other Necessary Expenses." 11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added). Congress drew a distinction in the statute between "applicable" expenses on the one hand and "actual" expenses on the other. "Other Necessary Expenses" must be the debtor's "actual" expenses. Expenses under the "Local Standards," in contrast, need only be those "applicable" to the debtor -- because of where he lives and how large his household is. It makes no difference whether he "actually" has them. See Wedoff, supra, at 256 (noting that "a plain reading of the statute would allow a deduction of the amounts listed in the Local Standards even where the debtor's actual expenses are less").

*Id.* at *15-16. As noted by the *Farrar-Johnson* court, Judge Wedoff in his article, *Means Testing in the New § 707(b)*, has concluded that § 707(b)(2)(A)(ii) allows debtors to take ownership/lease expenses on vehicles they own, not just on vehicles on which they make payments. 79 Am. Bankr. L.J. 231, 256 (Spring 2005) ("means test treats the Local Standards not as caps but as fixed allowances").

The Delaware bankruptcy court thoroughly analyzed this issue in *Fowler*, where the chapter 7 debtor faced a challenge from the United States Trustee for deducting an ownership expense on a vehicle owned free and clear. The court noted the same distinction between the "applicable" Local Standards and the "actual" other expenses as noted in *Farrar-Johnson*. In response to the U.S. Trustee's reliance on the IRM, which treats the standards as a cap, Judge Walrath commented that the Bankruptcy Code does not contain similar language limiting the debtor's deduction to the Local Standard or the actual expense, evidencing Congressional intent that the Local Standards are not a cap. 2006 Bankr. LEXIS 2117 at *9. She also noted that the legislative history supports this interpretation, because a prior version of BAPCPA would have required reference to the "Internal Revenue financial analysis," i.e., the IRM. *Id*. at *13. "The change from the prior version evidences Congress' intent that the Courts not be bound by the financial analysis contained in the IRM and lends credence to the Court's conclusion that it should look only to the amounts set forth in the Local Standards." *Id.*

This Court concluded in *Guzman* that the new disposable income test for above-median debtors was designed to limit the bankruptcy court's discretion in answering "lifestyle and [disposable income] philosophy" questions that were prevalent under prior law. *Guzman*, 345 B.R. at 642. Instead, the court is left to review the Form B22C, which properly permits certain deductions that are greater than the debtor's actual expenses. *Id.* at 646. The legislative history supports that the IRS standards, not the debtor's actual expenses, are to be used: "The bill also makes substantial changes to chapter 13 by substituting the IRS expense standards to calculate disposable income . . . . The formula remains inflexible and divorced from the debtor's actual circumstances." Report of the Committee on the Judiciary, House of Representatives, to

3

Accompany S. 256, H.R. Rep. No. 109-31, pt. 1 at. 553 (2005); *see also In re Barr*, 341 B.R. 181, 185 (Bankr. M.D.N.C. 2006). During the formative discussions on BAPCPA's impact on chapter 13 debtors, concerns were raised that debtors, who might have excess income over the deductions allowed by the IRS Standards, would not be required to dedicate that income to the plan. Although Congress was apparently aware of these concerns, it chose not to respond, and crafted a bill that allowed a debtor to deduct "applicable Local Standards" and "actual Other Expenses." *See In re Alexander*, 344 B.R. 742, 747 (Bankr. E.D.N.C. 2006). "The means test presents a backward looking litmus test performed using mathematical computations of arbitrary numbers, often having little to do with a particular debtor's actual circumstances and ability to pay a portion of debt. Congress has already determined the fairness of application of the means test, and a major objective of the legislation was to remove judicial discretion from the process." *Hartwick,* 2006 Bankr. LEXIS 2755 at 7-8.

Treating the Local Standard deductions for vehicle ownership as fixed allowances rather than caps on actual expenses is supported by the plain meaning of the statute ("applicable" versus "actual"), the legislative history, and carefully reasoned caselaw. This Court therefore respectfully disagrees with the line of cases that has determined that the debtor must have a car payment in order to claim the Local Standards.

For the foregoing reasons, MBNA's Objection to Confirmation of the plan is overruled, and the plan may be confirmed.

Dated: November 20, 2006

By the Court:

*[signature]*

Susan V. Kelley
U.S. Bankruptcy Judge

4